IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MOQUISHA BEARD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:14-CV-2828-N (BF) |
| | § | |
| BRIAN YAMANE, LES MARSHALL, | § | |
| JACOB TALLEY, AND EXECUTIVE | § | |
| SECURITY SYSTEMS, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Defendants Brian Yamane, Les Marshall, Jacob Talley, and Executive Security Systems ("ESS") have filed a joint motion to dismiss Plaintiff's claims in their entirety pursuant to Fed. R. Civ. P. 12(b)(6). For the following reasons, the court recommends that Defendants' motion be granted.

**Background**

Plaintiff Moquisha Beard, who is proceeding *pro se*, has filed a lawsuit alleging that she was sexually harassed and retaliated against by two of her coworkers, Defendants Yamane and Marshall, when she was employed by Defendant ESS during the summer of 2013. Pl. Compl. at 1. In her Complaint for Civil Rights Violation, Plaintiff alleges that Yamane made comments about her body and asked her personal questions that made her feel uncomfortable, while Marshall referred to her as a "M.A.T. (rug/floor mat)" and called her "GIRL." *Id.* at 1, 2. Marshall also allegedly shouted at Plaintiff and gave her difficult assignments for which she lacked sufficient training. *Id.* at 2. After Plaintiff complained about Marshall's behavior to Talley, a "management defendant," Yamane made

a harassing phone call to Plaintiff. *Id.* Marshall refused to give her the paperwork necessary to request an approved leave of absence and tried to "sabotage" her by removing patrol sheets from her work folder. *Id.* Plaintiff further alleges that Marshall treated male employees differently because he did not give them similarly difficult assignments and allowed a male coworker to complete the necessary paperwork for a leave of absence. *Id.* ESS apparently terminated Plaintiff's employment in or around August 2013. *See id.* Based on this conduct, Plaintiff asserts claims against Yamane and Marshall for "sexual and general harassment" and retaliation. *Id.* at 3. She further asserts claims against Talley, in his supervisory capacity, for race and gender discrimination and conspiracy in violation of her Fourteenth Amendment and Equal Protection rights and ESS policy. *Id.* Defendants have filed a motion to dismiss all of Plaintiff's claims and causes of action for failure to state a claim upon which relief can be granted. Plaintiff failed to file a written response to the motion. Accordingly, the Court considers Defendants' motion without the benefit of a response.

**Legal Standards**

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the

2

complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id.* (quoting FED. R. CIV. P. 8(a)(2)).

In deciding a Rule 12(b)(6) motion, the court construes the plaintiff's complaint in the light most favorable to the plaintiff, accepts as true all well-pleaded factual allegations, and draws all reasonable inferences in the plaintiff's favor. *See, e.g., Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004). Additionally, because the plaintiff here is proceeding *pro se*, the court construes the allegations in her complaint liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980) (per curiam); *SEC v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (per curiam).

## Analysis

Plaintiff's complaint does not identify the particular law that forms the basis of her claims for relief, *see* Pl. Compl. at 3, but Defendants reasonably assume that her claims of sexual harassment, retaliation, and race and gender discrimination arise under Title VII of the Civil Rights Act of 1964, as amended ("Title VII" or the "Act"), 42 U.S.C, § 2000e, *et seq*. Title VII makes it unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2. Title VII also prohibits employers from retaliating against employees who engage in activity protected under the Act. 42 U.S.C. § 2000e-3(a).

### The Individual Defendants

Defendants first argue that Plaintiff's claims against Yamane, Marshall, and Talley must be dismissed because they cannot be held liable in their individual capacities. Title VII prohibits discrimination by an "employer," which is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees." 42 U.S.C. §§ 2000e(b), 2000e-2(a). "Only

3

'employers,' not individuals acting in their individual capacity who do not otherwise meet the definition of 'employers,' can be liable under [T]itle VII." *Johnson v. TCB Constr. Co.*, 334 F. App'x 666, 669 (5th Cir. 2009) (quoting *Grant v. Lone Star Co.*, 21 F.3d 649, 652 (5th Cir. 1994)). A supervisor is considered an "employer" for purposes of Title VII liability only if the supervisor wields traditional employer rights, such as hiring and firing. *Huckabay v. Moore*, 142 F.3d 233, 241 (5th Cir. 1998). Plaintiff alleges that Talley is a "management defendant," Pl. Compl. at 2, and that he acted "in a supervisory capacity," *id.* at 3, but she does not allege that Talley has the power to make hiring or firing decisions with respect to her employment. Nor does she allege any facts, which taken in the light most favorable to Plaintiff, suggest that Talley qualifies as an employer for purposes of Title VII liability. Plaintiff similarly fails to allege that Yamane and Marshall are supervisors or that they have any traditional employer rights with respect to her employment. Accordingly, Plaintiff has failed to state a claim for relief under Title VII against Yamane, Marshall, and Talley in their individual capacities. The District Court should grant the motion to dismiss as to Plaintiff's claims against these Defendants. *See Askew v. Raytheon Co.*, No. 3:13-CV-4220-G, 2014 WL 1567916, at *3 (N.D. Tex. Apr. 17, 2014) (granting defendants' motion to dismiss plaintiff's Title VII claims against supervisor and HR manager in their individual capacities because he did not allege that either defendant was an employer for purposes of Title VII liability).

Racial Discrimination and Harassment

Next, Defendants argue that Plaintiff's claims for racial discrimination and harassment must be dismissed because she did not exhaust her administrative remedies with respect to these claims. To bring a claim under Title VII, a plaintiff must first exhaust her administrative remedies by filing a charge with the EEOC. *Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006); *Sosebee v. Tex.*

*Alcoholic Beverage Comm'n*, 906 F. Supp. 2d 596, 600 (N.D. Tex. 2012). Thereafter, the plaintiff's complaint may include only those claims within the scope of the EEOC charge or that could reasonably have been expected to grow out of the charge. *Young v. City of Houston*, 906 F.2d 177, 179 (5th Cir. 1990). In this case, Plaintiff filed a charge of discrimination with the EEOC on September 25, 2013. Def. Mot., Ex. A.[1] In her charge, Plaintiff indicated that Defendants discriminated against her on the basis of her gender and subjected her to sexual harassment. *Id.* She further indicated that Defendants retaliated against her for complaining about the discrimination. *Id.* Plaintiff's charge does not indicate that Defendants discriminated against her or harassed her on the basis of her race. Plaintiff did not check the box marked "race" on the charge form or make any reference to racial discrimination in the narrative portion of the form. *See id.* Plaintiff's race-based claims thus could not reasonably have been expected to grow out of her gender-based claims. *See Thomas v. Tex. Dep't of Criminal Justice*, 220 F.3d 389, 395 (5th Cir. 2000) (an EEOC charge did not encompass a race claim where the charge only alleged gender as the theory of discrimination). Plaintiff's claims of racial discrimination and harassment should therefore be dismissed without prejudice for failure to exhaust administrative remedies. *See Richardson v. Aetna Ins. Irving, Tex.*, No. 3:07-CV-1611-G-BF, 2008 WL 55126, at *2 (N.D. Tex. Jan. 3, 2008) (dismissing *pro se* complaint for failure to exhaust administrative remedies).

---

[1] Although Plaintiff failed to attach a copy of her EEOC charge to her complaint or her response to the Magistrate Judge's Questionnaire, Defendants have provided a copy as an exhibit to their motion, and the Court may properly consider this evidence. *Carter v. Target Corp.*, 541 F. App'x 413, 416-17 (5th Cir. 2013) (court may review plaintiff's EEOC charge if it is attached to the defendant's motion to dismiss); *Adams v. Cedar Hill Indep. Sch. Dist.*, No. 3:13-CV-2598-D, 2014 WL 66488, at *3, n.8 (N.D. Tex. Jan. 8, 2014) (same).

Gender Discrimination

Defendants further argue that Plaintiff's gender discrimination claim should be dismissed because she failed to plead sufficient facts to state a plausible claim for relief. To state claim for gender discrimination under Title VII, a plaintiff must allege, among other things, that she was subject to an "adverse employment action." *See Pegram v. Honeywell, Inc.*, 361 F.3d 272, 281-82 (5th Cir. 2004). The Fifth Circuit has repeatedly held that, in the context of a claim for discrimination, adverse employment actions consist only of "ultimate employment decisions," such as hiring, firing, demoting, promoting, granting leave, and compensating. *See, e.g., Thompson v. City of Waco*, 764 F.3d 500, 503 (5th Cir. 2014); *McCoy v. City of Shreveport*, 492 F.3d 551, 560 (5th Cir. 2007); *Alvarado v. Tex. Rangers*, 492 F.3d 605, 612 (5th Cir. 2007); *Pegram*, 361 F.3d at 282. "[A]n employment action that 'does not affect job duties, compensation, or benefits' is not an adverse employment action." *Pegram*, 361 F.3d at 282 (quoting *Banks v. E. Baton Rouge Parish Sch. Bd.*, 320 F.3d 570, 575 (5th Cir. 2003)).

Here, Plaintiff's complaint alleges that Defendants discriminated against her by giving her a difficult assignment, disciplining her when she refused to attempt the assignment, refusing to give her the paperwork to request a leave of absence, removing documents from her folder, and failing to investigate her complaints regarding her alleged mistreatment. Pl. Compl. at 1-2. Plaintiff's EEOC charge further alleges that she was treated differently than ESS's male employees because she was subjected to "more scrutiny, intimidation, and doing extra assignments." Def. Mot., Ex. A. However, none of this alleged conduct constitutes an actionable adverse employment action. "'[D]ifferential management, unwarranted job performance scrutiny, performance requirement standards, and ignoring complaints of disparate treatment' do not fall within the definition of adverse

6

employment action." *McCullar v. Methodist Hosp. of Dallas*, No. 3:10-CV-1895-K, 2012 WL 760074, at *8 (N.D. Tex. Mar. 8, 2012). Nor does a written reprimand or the denial of a single leave request constitute an actionable adverse employment action. *Cannon v. St. Paul Fire & Marine Ins. Co.*, No. 3:03-CV-2911-N, 2005 WL 1107372, at *3 (N.D. Tex. May 6, 2005) (citing *Mattern v. Eastman Kodak Co.*, 104 F.3d 702, 707 (5th Cir. 1997)) (noting that "an employer who is unhappy with an employee's job performance does not take an actionable adverse employment action by placing written reprimands in the employee's file"); *Tiwana v. Hagel*, No. 3:11-CV-02887-L, 2013 WL 1842300, at *6 (N.D. Tex. May 2, 2013) (quoting *Ogden v. Potter*, 397 F. App'x 938, 939 (5th Cir. 2010)) ("A single denial of leave is not an adverse employment action when it affects leave on a specific date and time, but not the employee's amount of or right to take leave in general."). Plaintiff has not sufficiently alleged that she suffered an adverse employment action. Therefore, the District Court should grant Defendants' motion to dismiss with respect to Plaintiff's gender discrimination claims. *Stone v. La. Dep't of Revenue*, --- F. App'x ----, 2014 WL 5654307, at *6-7 (5th Cir. Nov. 5, 2014) (upholding dismissal of racial discrimination claim because plaintiff failed to sufficiently allege that she suffered an adverse employment action).

<u>Sexual Harassment</u>

Defendants also argue that Plaintiff's sexual harassment claim should be dismissed because she failed to plead sufficient facts to state a plausible claim for relief. To state a claim for hostile work environment under Title VII, a plaintiff must allege facts sufficient to show that "the harassment complained of affected a term, condition, or privilege of employment[.]" *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002). For harassment to "affect a term, condition, or privilege of employment," it must be "sufficiently severe or pervasive to alter the conditions of the

7

victim's employment and create an abusive working environment." *Id.* In her complaint, Plaintiff alleges that Yamane harassed her by making remarks about her body and asking personal questions that made her feel uncomfortable and by making a "harassing telephone call." Pl. Compl. at 1-2. She further alleges that Marshall harassed her by twice referring to her as a "M.A.T. (rug/floor mat)" and calling her "GIRL" on several occasions. Marshall also allegedly violated Plaintiff's "personal work space," issued her a disciplinary action report for refusing to do an assignment, and refused to provide her with leave request forms. *Id.* at 2. However, these facts, even when taken as true, fail to demonstrate that Plaintiff endured harassment that was sufficiently severe or pervasive to alter the conditions of her employment. "'[S]imple teasing,' offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions' of employment." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998). Because Plaintiff has not alleged sufficient facts to establish that the harassment complained of affected a term, condition or privilege of her employment, the District Court should grant Defendants' motion to dismiss her hostile work environment claims. *Stone*, 2014 WL 5654307, at *7 (upholding dismissal of hostile work environment discrimination claim because plaintiff's allegations of "sabotage," loss of privileges, increased supervision, and invasion of personal work space were insufficient to state a claim for actionable harassment).

Retaliation

Nor has Plaintiff pled sufficient facts to state a plausible retaliation claim. To state a claim for retaliation under Title VII, a plaintiff must allege that (1) she participated in an activity protected by Title VII; (2) her employer took an adverse employment action against her; and (3) a causal connection exists between the protected activity and the adverse employment action. *McCoy v. City*

*of Shreveport*, 492 F.3d 551, 556-57 (5th Cir. 2007). Defendants argue that Plaintiff fails to allege specific facts that identify a protected activity. The court agrees that Plaintiff's vague references to a formal complaint about Marshall's "inappropriate conduct," Pl. Compl. at 2, is insufficient to allege that she engaged in protected activity. Significantly, Plaintiff's complaint does not allege that the conduct she complained about was related to her race or sex.

Further, in determining whether an adverse employment action occurred for purposes of a retaliation claim, the focus is on the final decisionmaker. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 657 (5th Cir. 2012). "The actions of ordinary employees are not imputable to their employer unless they are conducted 'in furtherance of the employer's business.'" *Id.* (citing *Long v. Eastfield Coll.*, 88 F.3d 300, 306 (5th Cir. 1996). There must be "a direct relationship between the allegedly discriminatory conduct and the employer's business." *Id.* In this case, Plaintiff alleges that Yamane and Marshall retaliated against her after she complained to Talley about Marshall's behavior when Yamane made a harassing phone call to her and Marshall refused to give her the paperwork she needed for an approved leave of absence and removed patrol sheets from her folder. Pl. Compl. at 2. Plaintiff does not allege, however, that Yamane and Marshall were anything other than ordinary employees or that their alleged retaliatory harassment was committed in furtherance of ESS's business. Plaintiff has thus failed to allege sufficient facts to state a claim for retaliation, and the District Court should grant Defendants' motion to dismiss this claim. *See Spencer v. Schmidt Elec. Co.*, 576 F. App'x 442, 448 (5th Cir. 2014) (holding that defendant was entitled to dismissal of retaliation claim due to plaintiff's failure to allege that coworkers who engaged in alleged retaliatory conduct were acting as agents for the employer or serving in a supervisory position in furtherance of the employer's interests).

Constitutional Claims

Plaintiff's complaint also alleges that Marshall and Talley discriminated against her on the basis of her race and gender in violation of her "14th Amendment Rights to the United States constitution, which also deprived the plaintiff of equal protection under the laws and the Company's Policy." Pl. Compl. at 3. Defendants argue that these claims must be dismissed because they fail to state a cause of action against employees of a private employer. Indeed, "[t]he Fourteenth Amendment, which prohibits the states from denying federal constitutional rights and which guarantees due process, applies to acts of the states, not to acts of private persons or entities." *Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982). It does not protect against private conduct, no matter how discriminatory or wrongful. *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 349 (1974).

Further, although Plaintiff does not allege that her claim is brought under 42 U.S.C. § 1983, that is the statutory remedy for constitutional rights violations, including violations of the Fourteenth Amendment. *See Lauderdale v. Tex. Dep't of Criminal Justice, Institutional Div.*, 512 F.3d 157, 165-66 (5th Cir. 2007). "To state a valid claim under Section 1983, 'a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.'" *Id.* at 165 (quoting *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 525 (5th Cir. 1994)). Plaintiff does not allege that any of the Defendants are state actors; nor does she allege facts sufficient to establish that any Defendant was acting under color of state law. Accordingly, she has failed to state a claim for a violation of her Fourteenth Amendment rights. The District Court should grant Defendants' motion to dismiss Plaintiff's Fourteenth Amendment claims. *Askew v. Raytheon Co.*, No. 3:13-CV-4220-G, 2014 WL 1567916, at *7 (N.D. Tex. Apr. 17, 2014) (dismissing plaintiff's

Fourteenth Amendment and equal protection claims against private employer); *Allen v. Fisher*, No. 3:04-CV-1273-M, 2004 WL 1879882 (N.D.Tex. Aug. 16, 2004), *rec. adopted*, 2004 WL 2026789 (N.D. Tex. Sep. 10, 2004) (same).

### Sections 1981 and 1985

Finally, the court observes that Plaintiff's complaint also references 42 U.S.C. § 1981, which prohibits discrimination based on race, and 42 U.S.C. § 1985, which creates a private civil remedy for certain prohibited forms of conspiracy to interfere with civil rights. Pl. Compl. at 1. To the extent Plaintiff intends to pursue a claim under either of these statutes, she has failed to allege sufficient facts to do so. She wholly fails to mention her race or the race of any other individual and makes no allegations that she was treated more harshly or differently than any other ESS employee because of her race. Plaintiff also fails to allege any facts to show that Defendants conspired to deprive her of any civil rights. Plaintiff's conclusory assertion that Talley and Marshall "acted in concert," Pl. Compl. at 3, falls far short of the specific factual allegations necessary to state a claim under section 1985. *Holdiness v. Stroud*, 808 F.2d 417, 424 (5th Cir. 1987) (holding plaintiffs "must plead the operative facts upon which their claim is based" to state a conspiracy). Therefore, the District Court should dismiss Plaintiff's claims under section 1981 and 1985.

### RECOMMENDATION

The District Court should GRANT Defendant's motion to dismiss under Rule 12(b)(6) (Doc. 11) and DISMISS all of Plaintiff's claims and causes of action without prejudice.

SO RECOMMENDED, February 2, 2015.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).