IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MOQUISHA BEARD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:14-CV-2828-N (BF) |
| | § | |
| BRIAN YAMANE, LES MARSHALL, | § | |
| JACOB TALLEY, AND EXECUTIVE | § | |
| SECURITY SYSTEMS, | § | |
| | § | |
| Defendants. | § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

After making an independent review of the pleadings, files, and records in this case, and the Findings, Conclusions, and Recommendation of the United States Magistrate Judge dated February 2, 2015, the Court finds that the Findings, Conclusions, and Recommendation of the Magistrate Judge are correct and they are accepted as the Findings, Conclusions, and Recommendation of the Court, with the following clarification:

Plaintiff's claims for racial discrimination and harassment should be dismissed without prejudice for failure to exhaust administrative remedies.

Plaintiff's remaining claims and causes of action, including any Title VII claims against Defendants Yamane, Marshall, and Talley in their individual capacities, as well as any claims for gender discrimination, sexual harassment, hostile work environment, retaliation, violations of her Fourteenth Amendment rights, or any claims brought under 42 U.S.C. §§ 1981, 1983, or 1985,

should be dismissed with prejudice under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

The Court ordinarily would allow Plaintiff an opportunity to amend her complaint in an attempt to cure the pleading defects identified by Defendants and the Court. However, Plaintiff never sought leave to amend her initial pleading nor did she file a response to Defendants' motion to dismiss or objections to the Findings, Conclusions, and Recommendation of the Magistrate Judge. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (court should allow a plaintiff at least one opportunity to cure pleading deficiencies before dismissing a case, "unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal"). In fact, Plaintiff has not filed anything in this case since the Court allowed process to be served on Defendants. The Court therefore determines that Plaintiff is unwilling or unable to amend her complaint in a manner that will avoid dismissal and that dismissal with prejudice is appropriate with respect to all of her claims other than her claims for racial discrimination and harassment, which are dismissed without prejudice for failure to exhaust administrative remedies. *See Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995) (affirming dismissal with prejudice after lengthy pendency of case which provided plaintiff ample opportunity to amend complaint); *see also Cruz v. CitiMortgage, Inc.*, No. 3:11-CV-2871-L, 2012 WL 1836095, at *7 (N.D. Tex. May 21, 2012) (concluding plaintiffs had pled their best case where they did not file response to motion to dismiss or request to amend their pleadings).

**IT IS, THEREFORE, ORDERED** that the Findings, Conclusions, and Recommendation of the United States Magistrate Judge are accepted, as clarified above. Defendants' motion to

dismiss under Rule 12(b)(6) (Doc. 11) is GRANTED. Plaintiff's claims for racial discrimination and harassment are DISMISSED without prejudice for failure to exhaust administrative remedies. Plaintiff's remaining claims and causes of action are DISMISSED with prejudice under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

**SO ORDERED** April 6, 2015.

_____
DAVID C. GODBEY
UNITED STATES DISTRICT JUDGE